UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHANE QUERRY, )
)
    Petitioner, )
)
v. ) No. 1:17-cv-02708-TWP-MPB
)
WARDEN,[1] )
)
    Respondent. )

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Shane Querry for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 17-05-0240. For the reasons explained in this Order, Mr. Querry's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

---

[1] In 2017, the Indiana legislature changed the Department of Correction title of Superintendent to Warden. Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d).

### B. The Disciplinary Proceeding

On May 25, 2017, Officer W. Elias wrote a Conduct Report charging Mr. Querry with a violation of Code B-212, assault/battery. The Conduct Report states:

> On 5/25/2017 at approximately 12:08 pm, I Officer W. Elias was assigned to IHU K-Wing. While offering cell cleaning to the Range I approached cell 19, when the Offender in cell 18 belonging to Querry, Shane #943517, stated "this is what you get for writing me up" and threw an unknown substance from a cup striking my left shoulder area.

Dkt. 1-1 at 11; dkt. 12-1.

Mr. Querry asserts that the "screening officer refused to screen stating you make my blood boil." Dkt. 1 at 2. However, Mr. Querry attaches a Screening Report[2] that reflects that Officer M. Richardson notified Mr. Querry on May 27, 2017, that he was charged with B-212, assault/battery, when he received the Screening Report. Dkt. 1-1 at 16. He pleaded not guilty to the charge and requested a lay advocate. He requested to call as witnesses Sergeant McCoy, Sergeant J. Gagnon, and Sergeant Weaver to "tell what happened." He also requested video review of the K2-range from 12:00 pm - 12:30 pm. Officer Gagnon stated that, "on date and time of said offense, I was working the K1 hallway side of the unit. I did not see anything happen as I was not on the K2 hallway when the said offense occurred." Dkt. 1-1 at 13 (capitalization modified); dkt. 12-4. Sergeant Weaver stated that, "I don't know. I wasn't there for the incident." Dkt. 1-1 at 14; dkt. 12-5. Sergeant J. McCoy stated, "I was present at the time and video review was inconclusive due to blurry view when zoomed in." Dkt. 1-1 at 15, dkt. 12-6.

The hearing officer viewed the video evidence and completed a summary of the video, which states:

> On 05/27/0217 at approximately 4:00 PM, I DHO S. Walker review IHU K wing K2 front Camera for an Incident on 5/25/2017 at approximately 12:08 PM. After

---

[2] Respondent attaches a screening report for a different disciplinary proceeding, IYC 17-05-0241.

reviewing the camera between the times of 12:00 PM thru 12:30 PM, I clearly observed the following:

12:05:43 Officer Elias walks up to cell 19 with a broom, dust pan, and germaway bottle.

12:05:45 Officer Elias looks towards cell 18 taking a step back and dropping broom and dust pan.

12:05:47 Officer Elias takes two more steps back as it appears to be something thrown towards him.

12:05:55 Officer Elias utilizing the radio and walks away from the area towards the desk.

12:11:05 Officer Elias shut off cell 18 water.

12:29:55 Sgt. Weaver walks down and talks to cell 18

End of Feed

Dkt. 1-1 at 10; dkt. 12-9.

The prison disciplinary hearing was held on May 31, 2017. According to the notes from the hearing, Mr. Querry stated: "[sic] Elias works he taunts me. I started yelling at him. I smacked the door. I didn't throw anything at him." Dkt. 1-1 at 8; dkt. 12-8. Based on the staff reports, Mr. Querry's statement, the statements from the three officers, and the video evidence where the incident was viewable, the hearing officer found Mr. Querry guilty of assault / battery. The sanctions imposed included twelve (12) days earned-credit-time deprivation and a credit class demotion.

Mr. Querry appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Querry asserts three grounds to challenge his prison disciplinary conviction: (1) he was denied procedural due process when the screening officer refused to screen him, so he was never given a copy of the conduct report, or an opportunity to plead or request a lay advocate; (2) he was denied procedural due process when he was denied the opportunity to give a "proper request" for witnesses; and (3) he was denied procedural due process when mental health was not notified. Dkt. 1 at 2-3. The respondent argues that Mr. Querry's due process rights were not violated. Mr. Querry did not file a reply, and the time to do so has passed.

1. <u>Denial of Screening and Witnesses</u>

Mr. Querry first argues that the screening officer refused to screen him, stating "you make my blood boil." Consequently, Mr. Querry asserts he was never given a copy of the conduct report, the conduct report was not read to him, and he was not able to provide a plea or request a lay advocate. He also argues that he was denied the opportunity to give a "proper request" for witnesses.

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) ("The notice should include the number of the rule violated . . . and a summary of the facts underlying the charge." (citations and quotation marks omitted)).

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Piggie*, 344 F.3d at 678 (citing *Wolff*, 418 U.S. at

4

566). However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

Although there is a factual dispute as to whether Mr. Querry was properly screened, Mr. Querry only asserts that he was not given an opportunity to give a plea or give a proper request for witnesses or a lay advocate. First, there is no due process right to give a plea before a disciplinary hearing. *See Wolff,* 418 U.S. at 563-71; *Hill*, 472 U.S. at 454-57.

Moreover, Mr. Querry has not specifically identified any witnesses he would have requested during screening. Nor has Mr. Querry identified what testimony those witnesses would have provided or how that evidence would have been exculpatory or material. To the extent he was actually denied the opportunity to request witnesses or evidence, it was harmless error, and harmless error analysis applies because he failed to identify how any evidence he would have presented would have been exculpatory. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Piggie*, 344 F.3d at 678 (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Additionally, despite Mr. Querry's assertion that he was not able to request a lay advocate, DeAngelo Gaines, a fellow inmate, was in fact present as Mr. Querry's lay advocate at the disciplinary hearing. *See* Dkt. 1-1 at 9 (Mr. Gaines's signature attesting to being a lay advocate); dkt. 1-1 at 16 (requesting lay advocate).

Notably, Mr. Querry does not dispute the sufficiency of the evidence. Thus, to the extent Mr. Querry was denied a proper screening, because Mr. Querry has failed to show how he was prejudiced, harmless error analysis applies. *See Jones*, 637 F.3d at 847; *Piggie*, 344 F.3d at 678. Accordingly, Mr. Querry is not entitled to habeas relief on the ground of a failure to screen.

5

### 2. Failure to Notify Mental Health

Mr. Querry finally argues that his due process rights were violated because mental health was not notified. However, there is no due process right for mental health to be notified after an inmate is charged with an offense in a prison disciplinary hearing. *See Wolff,* 418 U.S. at 563-71; *Hill*, 472 U.S. at 454-57. Thus, Mr. Querry is not entitled to habeas relief on this ground. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Querry to the relief he seeks. Accordingly, Mr. Querry's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue. The **clerk is directed** to update the docket to reflect the substitution of Warden for Superintendent as the Respondent in this action.

**IT IS SO ORDERED.**

Date: 5/22/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SHANE QUERRY
943517
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov